FILED
CLERK, U.S. DISTRICT COURT

JUL 23 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT ERIC PARRISH, | ) | NO. SA CV 08-217-GAF(E) |
| Petitioner, | ) | |
| v. | ) | ORDER ADOPTING FINDINGS, |
| BEN CURRY, Warden, | ) | CONCLUSIONS AND RECOMMENDATIONS OF |
| Respondent. | ) | UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge.  The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///
///

1    IT IS FURTHER ORDERED that the Clerk serve copies of this Order,

2  the Magistrate Judge's Report and Recommendation and the Judgment

3  herein by United States mail on Petitioner and counsel for Respondent.

4

5    LET JUDGMENT BE ENTERED ACCORDINGLY.

6

7    DATED: _____7/22_____ , 2008.

8

9

10   _____

11                GARY A. FEESS
                  UNITED STATES DISTRICT JUDGE

12

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10

11   ROBERT ERIC PARRISH,               )  NO. SA CV 08-217-GAF(E)
                                        )
12                  Petitioner,         )
                                        )
13       v.                             )  REPORT AND RECOMMENDATION OF
                                        )
14   BEN CURRY, Warden,                 )  OF UNITED STATES MAGISTRATE JUDGE
                                        )
15                  Respondent.         )
                                        )
16   _____ )

17

18       This Report and Recommendation is submitted to the Honorable

19   Gary A. Feess, United States District Judge, pursuant to 28 U.S.C.

20   section 636 and General Order 05-07 of the United States District

21   Court for the Central District of California.

22

23                              **PROCEEDINGS**

24

25       Petitioner filed a "Petition for Writ of Habeas Corpus By a

26   Person in State Custody" on February 27, 2008, accompanied by a

27   Memorandum of Points and Authorities ("Pet. Mem.") and exhibits ("Pet.

28



1   Ex.").[1]   Respondent filed an Answer on April 16, 2008.   Petitioner

2   filed a Traverse on June 4, 2008.

3

4                              **BACKGROUND**

5

6        In 1994, the Orange County District Attorney filed an Information

7   in Orange County Superior Court case number 94NF0327, charging

8   Petitioner with assault with a deadly weapon and infliction of

9   corporal injury upon a cohabitant (Pet. Mem., p. 2; Answer, Ex. A,

10  p. 23; Respondent's Lodgment 1, Clerk's Transcript ["C.T."] 34; see

11  People v. Parrish, 2006 WL 1793698, at *1 (Cal. Ct. App. 4th Dist.,

12  Div. 3 (June 30, 2006)).   In a separate case, case number 94NF0951,

13  the Orange County District Attorney charged Petitioner with commercial

14  burglary and petty theft with a prior theft-related conviction (Pet.

15  Mem., p. 2; Answer, Ex. A, p. 23; C.T. 34; see People v. Parrish, 2006

16  WL 1793698, at *1).   The court consolidated the two cases into case

17  number 94NF0327 (Pet. Mem., p. 2; Pet. Ex. D, pp. 1-3; Answer, Ex. A,

18  p. 23; C.T. 34; see People v. Parrish, 2006 WL 1793698, at *1).

19

20       On October 24, 1994, the prosecution filed a Second Amended

21  Information charging Petitioner with attempted murder (Count 1),

22  assault with a deadly weapon (Count 2), commercial burglary (Count 3),

23  and petty theft with a prior (Count 4) (Pet. Ex. D, pp. 4-6;

24

25

26  _____

27       [1]    Petitioner's exhibits do not contain internal
     sequential page numbers.  The Court has supplied internal
     sequential page numbers for each exhibit.

                                    2

Respondent's Lodgment 21, pp. 16-18; C.T. 35).[2]  The Second Amended Information also alleged that Petitioner had suffered two prior felony convictions qualifying as "strikes" under California's Three Strikes Law, California Penal Code sections 667(b) - (i) (Pet. Ex. D, p. 6; Respondent's Lodgment 21, p. 18; C.T. 35).[3]

The court severed for trial Counts 1 and 2 (the attempted murder and aggravated assault counts) from Counts 3 and 4 (the burglary and petty theft counts) (Petition, p. 2; Answer, Ex. A, p. 23; see People v. Parrish, 2006 WL 1793698, at *1).  However, on November 1, 1994, the court granted a prosecution motion to "re-consolidate Counts 4 & 5 [sic] into Second Amended Information as Counts 3 & 4" (Respondent's Lodgment 21, p. 19).

In the first trial, on November 16, 1994, a jury found Petitioner guilty of assault with a deadly weapon (Count 2) but acquitted him of attempted murder (Pet. Mem., p. 3; Answer, Ex. A., p. 23; Respondent's Lodgment 21, p. 26; C.T. 35).  In the second trial, on November 28,

---

[2]     Respondent's Lodgment 21 consists of ninety-six pages of various documents and contains no table of contents or internal sequential page numbers.  The Court has supplied internal sequential page numbers.

[3]     The Three Strikes Law consists of two nearly identical statutory schemes.  The earlier provision, enacted by the Legislature, was passed as an urgency measure, and is codified as California Penal Code §§ 667(b) - (i) (eff. March 7, 1994).  The later provision, an initiative statute, is embodied in California Penal Code § 1170.12 (eff. Nov. 9, 1994).  See generally People v. Superior Court (Romero), 13 Cal. 4th 497, 504-05, 53 Cal. Rptr. 2d 789, 917 P.2d 628 (1996).  The prosecution charged Petitioner under the Legislative version (Pet. Ex. D, p. 6; Respondent's Lodgment 21, p. 18).



3

1994, a jury found Petitioner guilty of commercial burglary (Count 3) and petty theft with a prior (Count 4), and found true the Three Strikes allegations (Petition, p. 2; Answer, Ex. A, p. 23; see People v. Parrish, 2006 WL 1793698, at *1; Respondent's Lodgment 21, p. 26; C.T. 35).

On December 16, 1995, the court sentenced Petitioner to a term of sixteen years on the aggravated assault count (Count 2), and imposed concurrent Three Strikes terms of 25 years to life on the burglary and felony petty theft counts (Counts 3 and 4) (Pet. Mem., p. 3; Answer, p. 5; Answer, Ex. A, p. 23; Respondent's Lodgment 21, pp. 23-25, 27-28; C.T. 36).

Three days later, on December 19, 1994, the court issued a minute order confusingly renumbering the burglary count as Count 1 and the petty theft count as Count 2 (Pet. Ex. D, p. 9; Answer, Ex. A, p. 24; C.T. 36). This minute order did not address the aggravated assault count previously also designated as Count 2. On January 4, 1995, the court issued an ex parte order stating that the verdicts entered on November 16, 1994 "were for first trial on Counts 1 and 2 of Second Amended Information," and that the verdicts entered on November 28, 1994 "were for second trial on Counts 3 and 4 of Second Amended Information" (Pet. Ex. D, p. 10; Respondent's Lodgment 21, p. 26). The Abstract of Judgment designated Count 2 as the assault count, Count 3 as the burglary count, and Count 4 as the petty theft count (Pet. Ex. D, pp. 11-12; Respondent's Lodgment 21, pp. 27-29).

///
///



4

1       On October 3, 1996, the Court of Appeal affirmed the convictions,

2   but remanded to the Superior Court for resentencing on Counts 3 and 4

3   (the burglary and petty theft counts) on the ground that the trial

4   court had misunderstood the scope of its discretion to strike a prior

5   conviction allegation pursuant to <u>People v. Romero</u>, 13 Cal. 4th 497,

6   53 Cal. Rptr. 2d 789, 917 P.2d 628 (1996) ("<u>Romero</u>") (Supplemental

7   Clerk's Transcript, Respondent's Lodgment 2, at 14).   The Court of

8   Appeal also directed the Superior Court to impose sentence on both

9   Count 3 and Count 4 but to stay the sentence for one of those counts

10   "pending completion of the sentence on the other count, such stay then

11   becoming permanent" (<u>id.</u>, pp. 14-15).

12

13       On remand, on April 18, 1997, the trial court held a <u>Romero</u>

14   hearing and declined to strike the prior convictions (Pet. Ex. D,

15   pp. 14-19; Respondent's Lodgment 21, pp. 32-37).   The court reimposed

16   the original sentence, failing to stay either Count 3 or Count 4 (<u>see</u>

17   Supplemental Clerk's Transcript, Respondent's Lodgment 2, at 17).   On

18   December 18, 1998, the Court of Appeal modified the judgment to stay

19   sentence on Count 4 "pending completion of the sentence on count three

20   at which time the stay shall become permanent," but otherwise affirmed

21   the judgment (<u>id.</u> at 23-24).

22

23       On September 19, 2000, Petitioner filed a habeas corpus petition

24   in this Court, in <u>Parrish v. Small</u>, CV 00-918-DT (E).   The petition

25   alleged, <u>inter alia</u>, that Petitioner unconstitutionally was shackled

26   to his chair during the trial on the attempted murder and aggravated

27   assault charges.   On June 21, 2001, the Court issued a judgment

28   denying and dismissing the petition with prejudice.   On December 21,



1  2001, the Ninth Circuit granted Petitioner's request for a certificate

2  of appealability with respect to the issue "whether petitioner's

3  constitutional rights were violated when he was handcuffed throughout

4  his trial for attempted murder" (see docket in Parrish v. Small, Ninth

5  Circuit case number 01-56239).[4]  The Ninth Circuit vacated the

6  judgment and remanded the case for an evidentiary hearing on the

7  shackling issue.  See Parrish v. Small, 315 F.3d 1131 (9th Cir. 2003).

8  The Ninth Circuit noted that "[t]he effect of granting habeas in this

9  case would be to vacate Parrish's sixteen-year sentence for the

10  assault, but it will not effect [sic] the twenty-five years to life

11  sentence that he received under California's Three Strikes Law."  Id.

12  at 1133 n.1.

13

14      On April 22, 2004, following an evidentiary hearing, this Court

15  issued a judgment conditionally granting the writ and ordering

16  Respondent to "discharge Petitioner from all adverse consequences of

17  his conviction for assault with a deadly weapon in Superior Court case

18  number 94NF0327, unless Petitioner is brought to retrial within ninety

19  (90) days of the date the Judgment herein becomes final, plus any

20  additional delay authorized under State law."

21

22      The State did not bring Petitioner to retrial on the assault

23  charge within the prescribed 90-day period.  On January 12, 2005, the

24  prosecution filed a motion to dismiss in case number 94NF0327, seeking

25  _____

26      [4]     The Court takes judicial notice of the docket in
    Parrish v. Small, Ninth Circuit case number 01-56239, available
27  on the PACER website at www.pacer.uspci.uscourts.gov.  See Mir v.
    Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988)
28  (court may take judicial notice of court records).



6

dismissal of "the above criminal charges in the interest of justice on the above remanded case because the defendant is serving a 25/life sentence <u>in another case</u> [sic]" (C.T. 1-2; Pet. Ex. A, pp. 6-8) (emphasis added).[5]  In an attached declaration, the prosecutor stated that Petitioner had received a sentence of 25 years to life for a "felony theft with a 3rd strike allegation" in an alleged "companion" case, case number 94NF0951 (C.T. 2; Pet. Ex. A, p. 7).  The prosecutor stated that she had made a decision not to retry the case, assertedly because of the difficulty in locating the "transient witnesses" and the prosecutor's alleged knowledge that Petitioner was serving a "25/life term for a felony conviction that occurred at/around the same time frame" (C.T. 2; Pet. Ex. A, p. 7).  The prosecutor failed to note the fact that the case for which Petitioner had received a Three Strikes sentence had been consolidated with the assault case, under case number 94NF0327.

On January 26, 2005, a different prosecutor appeared at a hearing on the motion to dismiss (Reporter's Transcript ["R.T."] 2; C.T. 3; Pet. Ex. A, pp. 9-11).  The transcript shows that the court simply stated:  "The court has read and considered the declaration of [the prosecutor].  It appears to have merit.  Motion granted" (Pet. Ex. A, pp. 9-11).  A January 26, 2005 minute order reflecting the order granting the motion stated: "Motion granted. ¶ Count(s) 1, 2, 3 DISMISSED - Motion of People." (Pet. Ex. A, p. 13; Respondent's Lodgment 21, p. 65).  The January 26, 2005 dismissal order did not

_____

[5]   California Penal Code section 1385(a) authorizes a court, upon its own motion or the application of the prosecutor, to dismiss an action "in the furtherance of justice."



7

mention Count 4, but the Court of Appeal had stayed the sentence on that count.

On April 1, 2005, the California Department of Corrections[6] contacted the Superior Court's staff to request that the court review its records of the dismissal (C.T. 40). On April 1, 2005, the court set a hearing for "re-sentencing on Count 4" for April 22, 2005, and issued a bench warrant and transportation order for Petitioner (C.T. 4; Respondent's Lodgment 21, pp. 69-71). On April, 22, 2005, the court continued the hearing to April 27, 2005 (C.T. 5).

On April 27, 2005, the prosecutor filed a "Motion to Request Modification of Court Order," asking the court to modify its order of dismissal "to specify that the count to be dismissed is the Assault with Deadly Weapon count in consolidated case 94NF0327" (C.T. 6-10). The motion stated:

> There is some discrepancy in the record as to what number the count is currently. The People respectfully request the court make a nunc pro tunc order specifying that the final judgment and sentence of 25/life on the 3rd Strike Commercial Burglary and Petty Theft with Prior is not a subject of this dismissal order and should remain.

(C.T. 6).

---

[6] The California Department of Corrections is now the California Department of Corrections and Rehabilitation. <u>See</u> Cal. Penal Code § 5000.



8

1    In the motion, the prosecutor stated that, because of the passage

2  of ten years, the prosecutor's file had been destroyed and the court's

3  file was in storage (C.T. 7-8).  The prosecutor said there was "a

4  mistake made on exactly which counts were in which case and the court

5  dismissed case number 94NF0327 which included the consolidated theft

6  charges" (C.T. 8).  The prosecutor further stated that the prosecution

7  had intended not to retry Petitioner on the assault case because he

8  was serving a Three Strike sentence "on the theft" (C.T. 8).  The

9  prosecutor added that, "[c]ompounding the error of the District

10  Attorney, there were discrepancies in the numbering of the counts in

11  the Consolidated Information and the Abstract of Judgment," and that

12  "[a] nunc pro tunc minute order re-numbering the counts occurred

13  12/19/94 but was not reflected on the court calendar and changes the

14  numbering of the felony information" (C.T. 8).  In an attached

15  declaration, the prosecutor stated that: (1) she allegedly made an

16  error describing case number 94NF0327 as the assault case and case

17  number 94NF0951 as the "3rd strike theft case"; (2) at the time she

18  filed the motion to dismiss, she allegedly had not recalled that the

19  cases had been consolidated; and (3) she allegedly did not discover

20  her error until she received the court file on April 26, 2005 (C.T. 9-

21  10).

22

23    On May 6, 2005, Petitioner's counsel filed an opposition to the

24  motion.  On May 11, 2005, the prosecution filed a "Supplemental

25  Request to Modify Prior Dismissal" (C.T. 24-28).  On May 12, 2005,

26  Petitioner's counsel filed a Reply (C.T. 18-22).  On May 13, 2005, the

27  court held a hearing on the motion (Pet. Ex. B, pp. 24-28; Clerk's

28  Transcript of Proceedings on January 26 and May 13, 2005, Respondent's



1  Lodgment 3, pp. 4-8).

2

3       On May 25, 2005, the court issued a written opinion and order

4  granting the motion to modify the court's dismissal order of

5  January 26, 2005 (C.T. 33-48).  The court found that the portion of

6  the January 26, 2005 minute order dismissing Counts 1, 2 and 3 did not

7  reflect accurately what had occurred, and was subject to deletion <u>nunc</u>

8  <u>pro tunc</u> (C.T. 33-48).[7]  The court concluded that the "only logical

9  interpretation" of the January 26, 2005 order was that it dismissed

10  only Count 2 "because it was the sole unresolved or pending charge"

11  (C.T. 33-48).  The court ruled that it could set aside the incorrect

12  order pursuant to the court's inherent authority to correct clerical

13  errors (C.T. 33-48).  The court also held that it was "completely

14  without jurisdiction to dismiss the previously-affirmed counts" (<u>i.e.</u>,

15  the burglary and petty theft counts) (C.T. 33-48).  The court deleted,

16  <u>nunc pro tunc</u>, the statement in the January 26, 2005 order that read:

17  "Count(s) 1, 2, 3 DISMISSED - Motion of People" (C.T. 47, 50).  The

18  court added the following language to the minute order:

19

20       Count 2 (Assault with a Deadly Weapon, including the

21       Pen. C. §§ 12022.7 and 667(a) enhancements) is dismissed on

22       the People's motion.  Count 3 (Burglary) and Count 4 (Petty

23       Theft with a Prior), including the allegations and findings

24

25       _____

26  [7]     "A nunc pro tunc order is a retroactive entry by the
court.  It is effective at the date which the court states it to
27  be effective, not at the date it was made.  It is an exercise of
inherent power of the court for the purpose of doing justice
28  between the parties."  <u>Wexler v. Goldstein</u>, 146 Cal. App. 2d 410,
412, 304 P.2d 41 (1956).



                                    10

1      under Pen. C. § 667(d)&(e)(2), and the 12/16/94 sentence

2      imposed (as modified and affirmed on 12/16/98 by the Court

3      of Appeal) are not dismissed.

4

5  (C.T. 3, 47, 50).  The court reinstated Counts 3 and 4, including the

6  Three Strikes allegations and the sentences imposed thereon, as

7  modified by the Court of Appeal (C.T. 47-48, 51).  The court specified

8  that the total sentence to be served was 25 years to life on Count 3,

9  and remanded Petitioner to the custody of the California Department of

10  Corrections to resume serving his sentence (C.T. 48, 51).  The court

11  directed the clerk to prepare an amended abstract of judgment

12  reflecting the dismissal of the assault count and related enhancements

13  only, and reflecting "the continued validity and reinstatement" of the

14  burglary and petty theft counts, the related Three Strikes findings,

15  and the sentence thereon, as modified by the Court of Appeal (C.T. 48,

16  50-53).

17

18      The Court of Appeal affirmed the order (Answer, Ex. A).  The

19  California Supreme Court denied Petitioner's petition for review

20  without opinion (Respondent's Lodgments 9, 10).

21

22      Petitioner filed a habeas corpus petition in the Court of Appeal

23  on January 9, 2007, which that court denied on January 11, 2007

24  without prejudice to the filing of a petition in the Superior Court

25  (Respondent's Lodgments 12, 13).  Petitioner filed a habeas corpus

26  Petition in the Orange County Superior Court on January 29, 2007,

27  which that court denied in a reasoned opinion on March 13, 2007

28  (Respondent's Lodgment 14; Answer, Ex. B).  Petitioner filed a habeas



11

1  corpus petition in the California Court of Appeal on April 12, 2007,

2  which that court denied summarily on April 19, 2007 (Respondent's

3  Lodgments 15, 16).  Petitioner filed a habeas corpus petition in the

4  California Supreme Court on May 22, 2007, which that court denied

5  summarily on November 14, 2007 (Respondent's Lodgments 17, 18).

6  Petitioner filed a second habeas corpus petition in the California

7  Supreme Court on June 4, 2007, which that court denied on November 14,

8  2007 with a citation to In re Miller, 17 Cal. 2d 734, 112 P.2d 10

9  (1941).[8]

11                        **PETITIONER'S CONTENTIONS**

13      Petitioner contends:

15      1.   The trial court assertedly lacked jurisdiction to modify its

16  dismissal order of January 26, 2005; the prosecution allegedly was

17  estopped from seeking to modify the dismissal order; and the alleged

18  resentencing violated the Double Jeopardy Clause and Due Process

19  (Petition, Ground One);

21      2.   The trial court allegedly did not demonstrate informed

22  discretion when assertedly resentencing Petitioner, allegedly in

23  violation of Due Process (Petition, Ground Two);

24  ///

26  _____

27      [8]   The citation to In re Miller "signifies that the Court
    is denying the petition for the same reasons that it denied the
    previous one."  Kim v. Villalobos, 799 F.2d 1317, 1319 n.1 (9th
28  Cir. 1986).



                                   12

3.   The dismissal of the burglary and petty theft counts allegedly amounted to an acquittal, assertedly barring further action by the prosecution; the purported resentencing allegedly violated Petitioner's right to a jury trial (Petition, Ground Three); and

4.   Petitioner allegedly received ineffective assistance of counsel at the hearing and ineffective assistance of appellate counsel in the following ways:

a.   Counsel at the hearing allegedly rendered ineffective assistance by:

i.   Failing to raise "crucial assignment of error";

ii.   Failing to raise "issues of constitutional magnitude";

iii.   Failing to allow Petitioner to participate in his own defense; and

iv.   Depriving Petitioner of his asserted right to be present at the alleged resentencing;

b.   Appellate counsel allegedly rendered ineffective assistance by failing to raise on appeal claims of:

i.   "Due Process/Finality of judgment";

///



1                ii.   "Liberty interest/Due process sentencing"; and

2

3               iii.   "Double Jeopardy"

4

5 (Petition, pp. 6-7).

6

7                   **STANDARD OF REVIEW**

8

9     A federal court may not grant an application for writ of habeas

10 corpus on behalf of a person in state custody with respect to any

11 claim that was adjudicated on the merits in state court proceedings

12 unless the adjudication of the claim: (1) "resulted in a decision that

13 was contrary to, or involved an unreasonable application of, clearly

14 established Federal law, as determined by the Supreme Court of the

15 United States"; or (2) "resulted in a decision that was based on an

16 unreasonable determination of the facts in light of the evidence

17 presented in the State court proceeding." 28 U.S.C. § 2254(d) (as

18 amended); <u>see also</u> <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-26 (2002);

19 <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Williams v. Taylor</u>, 529 U.S.

20 362, 405-09 (2000).

21

22     "Clearly established Federal law" refers to the governing legal

23 principle or principles set forth by the Supreme Court at the time the

24 state court renders its decision. <u>Lockyer v. Andrade</u>, 538 U.S. 63

25 (2003). A state court's decision is "contrary to" clearly established

26 Federal law if: (1) it applies a rule that contradicts governing

27 Supreme Court law; or (2) it "confronts a set of facts . . .

28 materially indistinguishable" from a decision of the Supreme Court but



14

1  reaches a different result.  See Early v. Packer, 537 U.S. at 8

2  (citation omitted); Williams v. Taylor, 529 U.S. at 405-06.

3

4      Under the "unreasonable application prong" of section 2254(d)(1),

5  a federal court may grant habeas relief "based on the application of a

6  governing legal principle to a set of facts different from those of

7  the case in which the principle was announced."  Lockyer v. Andrade,

8  538 U.S. at 76 (citation omitted); see also Woodford v. Visciotti, 537

9  U.S. at 24-26 (state court decision "involves an unreasonable

10 application" of clearly established federal law if it identifies the

11 correct governing Supreme Court law but unreasonably applies the law

12 to the facts).

13

14     A state court's decision "involves an unreasonable application of

15 [Supreme Court] precedent if the state court either unreasonably

16 extends a legal principle from [Supreme Court] precedent to a new

17 context where it should not apply, or unreasonably refuses to extend

18 that principle to a new context where it should apply."  Williams v.

19 Taylor, 529 U.S. at 407 (citation omitted).

20

21     "In order for a federal court to find a state court's application

22 of [Supreme Court] precedent 'unreasonable,' the state court's

23 decision must have been more than incorrect or erroneous."  Wiggins v.

24 Smith, 539 U.S. 510, 520 (2003) (citation omitted).  "The state

25 court's application must have been 'objectively unreasonable.'"  Id.

26 at 520-21 (citation omitted); see also Clark v. Murphy, 331 F.3d 1062,

27 1068 (9th Cir.), cert. denied, 540 U.S. 968 (2003).

28 ///



1    In applying these standards, this Court looks to the last
2  reasoned state court decision.  See Franklin v. Johnson, 290 F.3d
3  1223, 1233 n.3 (9th Cir. 2002).  Where no such reasoned opinion
4  exists, as where a state court rejected a claim in an unreasoned
5  order, this Court must conduct an independent review to determine
6  whether the decisions were contrary to, or involved an unreasonable
7  application of, "clearly established" Supreme Court precedent.  See
8  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

9

10                            **DISCUSSION**

11

12    For the reasons discussed below, the Petition should be denied
13  and dismissed on the merits with prejudice.[9]

14

15  I.    **Petitioner Is Not Entitled to Habeas Relief on Ground One of the**
16        **Petition.**

17

18        A.    **Petitioner's Claims of State Law Error Do Not Warrant Habeas**
19              **Relief.**

20

21    Petitioner alleges that the trial court violated state law by
22  modifying the January 26, 2005 dismissal order to reinstate the
23  burglary and petty theft convictions and sentences.  The Court of
24  Appeal ruled that, under California law, the trial court's

25  _____

26        [9]    The Court has read, considered and rejected on the
    merits all of Petitioner's contentions.  The Court discusses
27  Petitioner's principal contentions herein.

28

                                16

jurisdiction "was not original, but was limited to carrying into effect the judgment [the Court of Appeal] previously announced" (id., p. 26).[10]  The Court of Appeal held that, under California law, the trial court therefore lacked fundamental jurisdiction to dismiss the burglary and petty theft convictions in the first instance, and hence the trial court's nunc pro tunc order modifying the January 26, 2005 dismissal order was proper (Answer, Ex. A, pp. 26-28).  The Court of Appeal also held that, under California law, the prosecution was not estopped from pointing out the error (Answer, Ex. A, pp. 28-30).  The Court of Appeal failed to discuss Petitioner's alternative argument that the January 26, 2005 order was not a clerical error but a final judicial act which the trial court allegedly lacked authority to reconsider (Answer, Ex. A, p. 25).

     Petitioner's allegations that the trial court violated state law do not assert any cognizable claim for federal habeas relief.  Federal habeas corpus relief may be granted "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Mere errors in the application of state law are not cognizable on habeas corpus.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  This Court must defer to the Court of Appeal's determination that, as a matter of state law:

_____

     [10]  See Cal. Penal Code § 1263 ("If a judgment against the defendant is affirmed, the original judgment must be enforced."); People v. Ainsworth, 217 Cal. App. 3d 247, 251-52, 266 Cal. Rptr. 175 (1990) (upon issuance of remittitur, trial court's jurisdiction is "limited solely to the making of orders necessary to carry the judgment into effect") (citations and footnote omitted); People v. Maggio, 96 Cal. App. 409, 411, 274 P. 611 (1929) (where judgment of conviction has been affirmed, trial court has no power to alter or suspend the judgment).



(1) the trial court lacked fundamental jurisdiction to dismiss the burglary and petty theft counts after the Court of Appeal had affirmed the convictions and sentences on those counts, as modified, and hence the January 26, 2005 dismissal of those counts was void; (2) the nunc pro tunc order modifying the January 26, 2005 dismissal order to reinstate the convictions and sentences on those counts was proper; and (3) the prosecution was not estopped from seeking to modify the January 26, 2005 dismissal order to reinstate the convictions and sentences on the burglary and petty theft counts.[11]  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"); Ring v. Arizona, 536 U.S. 584, 603 (2002) (state court's construction of state law is "authoritative" on federal habeas review); see also Holgerson v. Knowles, 309 F.3d 1200, 1202 (9th Cir. 2002), cert. denied, 538 U.S. 1005 (2003) (habeas court "bound by California's interpretation of its state law"; citation omitted).  "[S]tate courts are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975); see also Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

///

///

---

[11]    See People v. American Contractors Indemnity Co., 136 Cal. App. 4th 245, 251, 38 Cal. Rptr. 3d 603 (2006) (for estoppel to apply, position of assertedly estopped party must not be the product of "ignorance, fraud or mistake") (citation and internal quotations omitted; emphasis added).  The error that occurred in this case was the product of mistake.



1    Petitioner's alternative argument that the trial court lacked

2    jurisdiction to correct the error in the January 26, 2005 dismissal

3    order because the error assertedly was not "clerical" error fails for

4    the same reason.  Petitioner again argues only state law error, which

5    is not cognizable on federal habeas corpus.  See Estelle v. McGuire,

6    502 U.S. at 67-68.

7

8    Moreover, and in any event, Petitioner fails to show that any

9    state law error occurred.  Under California law, although judicial

10   errors in orders or judgments made in the exercise of judicial

11   discretion may not be corrected except by statutory procedure, a court

12   may correct clerical errors.  See People v. Davidson, 159 Cal. App.

13   4th 205, 210, 70 Cal. Rptr. 3d 913 (2008).  "Generally a clerical

14   error is one inadvertently made, while a judicial error is one made

15   advertently in the exercise of judgment or discretion."  Id. (citation

16   and internal quotations omitted).  Here, the court clearly dismissed

17   the burglary and petty theft charges unintentionally, based on the

18   prosecutor's erroneous statement that Petitioner was serving his Three

19   Strikes sentence for a conviction in a "companion" case.  Furthermore,

20   as the trial court observed in its May 25, 2005 order reinstating the

21   erroneously dismissed counts, at the time of the January 26, 2005

22   dismissal order, the court file was "almost in an undecipherable

23   condition" with respect to the numbering of the counts (see C.T. 36).

24   It is clear that the court did not understand that its purported

25   dismissal of Counts 1, 2 and 3 in case number 94NF0327 included

26   dismissal of the burglary and petty theft counts upon which

27   Petitioner's Three Strikes sentence was based.  Rather, it is quite

28   evident that the erroneous dismissal of those counts was unintentional

19



1  and inadvertent, and hence subject to correction as clerical error.

2

3      Furthermore, because the dismissal of the burglary and petty

4  theft counts was void, the court's May 25, 2005 order simply

5  memorialized the fact that the burglary and petty theft convictions

6  and sentences remained extant.  See People v. Davidson, 159 Cal. App.

7  4th at 210 (where defendant previously convicted of attempted murder

8  was convicted of murder after victim died, and court dismissed

9  attempted murder count in light of murder conviction, court did not

10  err in reinstating attempted murder count after murder conviction

11  later was reversed on appeal; under California law, if a lesser

12  offense is reversed on appeal, the lesser included offense is revived

13  by operation of law; hence reinstatement of attempted murder

14  conviction "occurred as a matter of law").

15

16      **B.    The Reinstatement of Sentence on the Erroneously Dismissed**

17          **Charges Did Not Violate Double Jeopardy.**

18

19      The trial court's reinstatement of sentence on the burglary and

20  petty theft counts did not violate Double Jeopardy.  As indicated

21  previously, the Court of Appeal held that the January 26, 2005

22  dismissal of the burglary and petty theft counts was illegal under

23  state law, and the court's nunc pro tunc order reinstating sentence on

24  those counts was lawful.  The Double Jeopardy Clause does not bar the

25  correction of an illegal sentence in which a defendant can have no

26  legitimate expectation of finality.  See United States v. Contreras-

27  Subias, 13 F.3d 1341, 1346 (9th Cir.), cert. denied, 511 U.S. 1109

28  (1994); United States v. Kinsey, 994 F.2d 699, 702-03 (9th Cir. 1993);



20

1  <u>United States v. Wingender</u>, 711 F.2d 869, 870 (9th Cir. 1983).  The

2  Supreme Court has stated:

3

4      This court has rejected the doctrine that a prisoner, whose

5      guilt is established by a regular verdict, is to escape

6      punishment because the court committed an error in passing

7      the sentence. . . .  (citation).  The Constitution does not

8      require that sentencing should be a game in which a wrong

9      move by the judge means immunity for the prisoner.

10     (citation).  In this case the court only set aside what it

11     had no authority to do, and substitute(d) directions

12     required by the law to be done upon the conviction of the

13     offender.  (citation).  It did not twice put petitioner in

14     jeopardy for the same offense.  The sentence as corrected[]

15     imposes a valid punishment for an offense instead of an

16     invalid punishment for that offense.

17

18  <u>Bozzo v. United States</u>, 330 U.S. 160, 166-67 (1947) (internal

19  quotations and footnote omitted).

20

21     Petitioner also appears to contend that the trial court violated

22  Double Jeopardy by imposing concurrent sentences on the burglary and

23  petty theft counts and staying the sentence on the petty theft count,

24  pursuant to California Penal Code section 654 (see Pet. Mem., pp. 23-

25  24).  Contrary to Petitioner's assertion, his sentence on the burglary

26  and petty theft counts was proper under California law.  <u>See</u> <u>People v.</u>

27  <u>Austin</u>, 23 Cal. App. 4th 1596, 1614, 28 Cal. Rptr. 2d 885 (1994)

28  (where Penal Code section 654 prevents punishment for multiple



21

offenses arising out of an indivisible course of conduct, proper judgment is to "impose sentence on the greater crime and stay the sentence on the lesser, such stay to become permanent when service of sentence for the greater offense is completed") (citations omitted), disapproved on other grounds, People v. Palmer, 24 Cal. 4th 856, 861, 867, 103 Cal. Rptr. 2d 13, 15 P.3d 234 (2001), cert. denied, 532 U.S. 1055 (2001). Therefore, the sentence did not violate Double Jeopardy. See Missouri v. Hunter, 459 U.S. 359, 366-69 (1983) ("[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended"; holding legislatively sanctioned imposition of punishment for robbery and also for "armed criminal action" in the commission of a felony did not violate Double Jeopardy Clause, although state supreme court determined the two were the "same offense"); see also Bryant v. Hornbeack, 2008 WL 906432, at *3 (C.D. Cal. Apr. 1, 2008); Lytle v. Alameida, 2007 WL 3344275, at **7-8 (N.D. Cal. Nov. 7, 2007).

C. **The Reinstatement of the Erroneously Dismissed Charges Did Not Violate Due Process.**

As discussed above, the trial court did not violate state law in reinstating the burglary and petty theft counts. Therefore, the trial court's order reinstating the erroneously dismissed counts did not violate Due Process. See People v. Materne, 72 F.3d 103, 106-07 (9th Cir. 1995) (amendment of illegal sentence did not violate Due Process, because defendant could have no reasonable expectation of finality in illegal sentence).

22



D.    **Conclusion**

The state courts' rejection of the claims contained in Ground One of the Petition was not contrary to, or an objectively unreasonable application of, any clearly established Federal law as determined by the United States Supreme Court.  See 28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to habeas relief on Ground One of the Petition.

II.   **Petitioner's Claim that the Trial Court Failed Properly to Exercise Discretion in Reinstating Sentence on the Erroneously Dismissed Counts Does Not Merit Habeas Relief.**

Petitioner contends the trial court violated Due Process by allegedly failing to exercise "informed discretion" in sentencing (Pet. Mem., pp. 26-32).  In particular, Petitioner contends: (1) the trial court allegedly resentenced Petitioner based on assertedly inaccurate information regarding Petitioner's criminal record, because in imposing Petitioner's original sentence the trial court failed to consider a probation report concerning Petitioner's prior 1992 aggravated assault conviction; and (2) in assertedly resentencing Petitioner on the burglary and petty theft counts, the trial court allegedly improperly relied on the dismissed assault count (Pet. Mem.,

1  pp. 26-32).[12]

2

3      The Superior Court rejected this contention, ruling that

4  Petitioner was not "resentenced" on May 25, 2005, but rather that the

5  court "merely reinstated the previously imposed sentence" (Answer,

6  Ex. B., p. 34).  The Superior Court also acknowledged that the Court

7  of Appeal had ruled that the trial court lacked jurisdiction over the

8  "burglary count [sic]," and hence the Superior Court "had no

9  sentencing discretion to exercise" (id.).

10

11      A.   **Discussion**

12

13      As indicated above, as a matter of state law, the Court of Appeal

14  ruled that, because the burglary and petty theft convictions had been

15  affirmed on appeal, the trial court lacked jurisdiction to dismiss the

16  burglary and theft convictions (see Answer, Ex. A).  Based on this

17  ruling, the Superior Court held it lacked jurisdiction to do anything

18  more than reimpose sentence on the erroneously dismissed charges, and

19  hence had no jurisdiction to resentence Petitioner or to exercise

20  discretion in doing so (see Answer, Ex. B).

21  ///

22  ///

23  _____

24      [12]   The Court does not understand Petitioner to challenge
   independently the trial court's denial of Petitioner's Romero

25  motion in 1997.  Because Petitioner could have asserted such a
   claim in his habeas corpus petition in Parrish v. Small, CV 00-

26  918-DT (E), any such claim asserted in this proceeding would be
   second or successive under 28 U.S.C. section 2244(b), and in the

27  absence of authorization from the Court of Appeal, this Court
   would lack jurisdiction over any such claim.  See 28 U.S.C. §

28  2244(b)(3).



State laws providing for a method permitting the exercise of discretion in sentencing may create a constitutionally protected liberty interest under the Due Process Clause.  See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980); Walker v. Deeds, 50 F.3d 670, 672-73 (9th Cir. 1995).  However, this Court must defer to the state courts' determinations that the trial court lacked jurisdiction to exercise any discretion in reinstating sentence on the burglary and petty theft counts.  See Bradshaw v. Richey, 546 U.S. at 76; Ring v. Arizona, 536 U.S. at 603; see Holgerson v. Knowles, 309 F.3d at 1202 (habeas court "bound by California's interpretation of its state law"; citation omitted).  Because state law did not permit the trial court to exercise any discretion in reimposing sentence on the erroneously dismissed counts, the trial court's alleged failure to do so did not violate the Constitution.

For the same reason, Petitioner's apparent contention that reinstatement of Petitioner's Three Strikes sentence was unlawful because that sentence allegedly was based on the dismissed assault conviction lacks merit.  In reinstating sentence on the erroneously dismissed counts, the court lacked jurisdiction to reconsider Petitioner's original sentences on those counts.[13]

_____

[13]     In any event, under California law, a dismissal pursuant to California Penal Code section 1385 "is not the equivalent of a determination that defendant did not in fact suffer the conviction."  In re Varnell, 30 Cal. 4th 1132, 1138, 135 Cal. Rptr. 2d 619, 70 P.3d 1037 (2003) (citations omitted).  "Thus, while a dismissal under section 1385 ameliorates the effect of the dismissed charge or allegation, the underlying facts remain available for the court to use."  Id. (dismissal of prior conviction alleged as "strike" did not prevent court from
(continued...)



25

1       To the extent Petitioner contends the trial court's alleged

2   consideration of the dismissed aggravated assault count at a purported

3   "resentencing" violated this Court's order in <u>Parrish v. Small</u>, CV 00-

4   918-DT (E), Petitioner is incorrect.  In granting habeas relief on

5   Petitioner's shackling claim in <u>Parrish v. Small</u>, CV 00-918-DT (E),

6   this Court did not intend to disturb in any way Petitioner's

7   convictions and sentences on the burglary and petty theft counts.  As

8   the Ninth Circuit correctly discerned, the grant of habeas relief on

9   the assault count did not affect the sentence on the burglary and

10  petty theft counts.  <u>See Parrish v. Small</u>, 315 F.3d at 1133 n.1

11  ("[t]he effect of granting habeas in this case would be to vacate

12  Parrish's sixteen-year sentence for the assault, but it will not

13  effect [sic] the twenty-five years to life sentence that he received

14  under California's Three Strikes Law").

15

16      In sum, the state courts' rejection of Petitioner's claims

17  concerning the trial courts' alleged failure properly to exercise its

18  purported discretion in reimposing sentence on the burglary and petty

19  theft counts was not contrary to, or an objectively unreasonable

20  application of, any clearly established Federal law as determined by

21  the United States Supreme Court.  <u>See</u> 28 U.S.C. § 2254(d).  Petitioner

22  is not entitled to habeas relief on Ground Two of the Petition.

23  ///

24  ///

25  ///

26  _____

27      [13](...continued)
    using prior conviction to deem petitioner ineligible for
28  probation and drug treatment program) (footnote omitted).



26

III. **Petitioner Is Not Entitled to Habeas Relief on Ground Three of the Petition.**

The Double Jeopardy Clause precludes further prosecution of a defendant who has been acquitted at trial. See <u>United States v. Scott</u>, 437 U.S. 82, 88 (1978); <u>Stow v. Murashige</u>, 389 F.3d 880, 888 (9th Cir. 2004). A ruling is an acquittal when it "actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged." <u>United States v. Scott</u>, 437 U.S. at 97 (citation, internal quotations and brackets omitted). "[T]he determinative question is whether the [court] found the evidence legally insufficient to sustain a conviction." <u>United States v. Ogles</u>, 440 F.3d 1095, 1103 (9th Cir. 2006). Petitioner contends the January 26, 2005 dismissal order constituted an "acquittal" on the dismissed charges barring the prosecution from further action (<u>i.e.</u>, from reinstating the burglary and petty theft convictions and sentences) (Pet. Mem., pp. 32-33). However, the January 26, 2005 dismissal order was not based on a finding of evidentiary insufficiency, and hence did not constitute an acquittal on those counts. See <u>People v. Hatch</u>, 22 Cal. 4th 260, 273, 92 Cal. Rptr. 2d 80, 991 P.2d 165 (2000) (dismissal on ground other than insufficiency of the evidence not an acquittal).

Petitioner's contention that the reinstatement of the burglary and petty theft convictions denied Petitioner his right to trial by jury is wholly without merit. Petitioner received a jury trial on those charges, and the jury found Petitioner guilty. Because the trial court's January 26, 2005 order purporting to dismiss those

27



1   charges was erroneous and void under California law, that order was
2   ineffective to constitute a dismissal.   The court's May 25, 2005 order
3   reinstating the burglary and petty theft convictions and sentences
4   simply corrected the record to reflect the continued existence of
5   those convictions.

6

7        For the foregoing reasons, the state courts' rejection of the
8   claims in Ground Three of the Petition was not contrary to, or an
9   objectively unreasonable application of, any clearly established
10  Federal law as determined by the United States Supreme Court.   See 28
11  U.S.C. § 2254(d).   Petitioner is not entitled to habeas relief on
12  Ground Three of the Petition.

13

14  IV.  **Petitioner Is Not Entitled to Habeas Relief on His Claims of**
15       **Ineffective Assistance of Counsel.**

16

17       A.   **Governing Legal Standards**

18

19       To establish ineffective assistance of counsel, Petitioner must
20  prove: (1) counsel's representation fell below an objective standard
21  of reasonableness; and (2) there is a reasonable probability that, but
22  for counsel's errors, the result of the proceeding would have been
23  different.   Strickland v. Washington, 466 U.S. 668, 688, 694, 697
24  (1984) ("Strickland").   The court may reject the claim upon finding
25  either that counsel's performance was reasonable or the claimed error
26  was not prejudicial.   Strickland, 466 U.S. at 697; Thomas v. Borg, 159
27  F.3d 1147, 1151 (9th Cir. 1998), cert. denied, 526 U.S. 1055 (1999)
28  ("We need not evaluate both prongs of the Strickland test if the

28

1  defendant fails to establish one").

2

3      Review of counsel's performance is "highly deferential" and there
4  is a "strong presumption" that counsel rendered adequate assistance
5  and exercised reasonable professional judgment.  United States v.
6  Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995), cert. denied,
7  519 U.S. 848 (1996); see Strickland, 466 U.S. at 689-90.  The court
8  must judge the reasonableness of counsel's conduct "on the facts of
9  the particular case, viewed as of the time of counsel's conduct."
10 Strickland, 466 U.S. at 690.  The court may "neither second-guess
11 counsel's decisions, nor apply the fabled twenty-twenty vision of
12 hindsight."  Karis v. Calderon, 283 F.3d 1117, 1130 (9th Cir. 2002),
13 cert. denied, 539 U.S. 958 (2003) (citation and internal quotations
14 omitted).  The test is "only whether some reasonable lawyer . . .
15 could have acted, in the circumstances, as defense counsel acted."
16 Coleman v. Calderon, 150 F.3d 1105, 1113 (9th Cir.) (citations and
17 internal quotations omitted), rev'd on other grounds, 525 U.S. 141
18 (1998).  Petitioner bears the burden to "surmount the presumption
19 that, under the circumstances, the challenged action might be
20 considered sound trial strategy."  United States v. Quintero-Barraza,
21 78 F.3d at 1348 (citation and internal quotations omitted).

22

23     B.   Alleged Ineffective Assistance of Trial Counsel

24

25     Petitioner alleges his trial counsel ineffectively failed to
26 raise "due process sentencing issues" at the May 13, 2005 hearing on
27 the prosecution's motion to modify the January 26, 2005 dismissal
28 order (Pet. Mem., pp. 35-36).  Petitioner apparently contends counsel

1  should have requested the preparation of a new probation report (<u>id.</u>).
2  However, as indicated previously, under California law the trial court
3  had no jurisdiction to do anything with respect to the burglary and
4  petty theft counts other than to correct its prior error by
5  reinstating the convictions and sentences on those counts; the court
6  had no power to reconsider the sentences previously imposed on those
7  counts.   Counsel reasonably could have determined that the court would
8  reject any request that the court obtain or consider a new probation
9  report prior to reinstating the erroneously dismissed counts.   Counsel
10 is not ineffective for failing to make a futile motion.   <u>See</u> <u>Rupe v.</u>
11 <u>Wood</u>, 93 F.3d 1434, 1445 (9th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1142
12 (1997) ("the failure to take a futile action can never be deficient
13 performance"); <u>Shah v. United States</u>, 878 F.2d 1156, 1162 (9th Cir.),
14 <u>cert. denied</u>, 493 U.S. 869 (1989) ("[T]he failure to raise a meritless
15 legal argument does not constitute ineffective assistance of counsel";
16 citation and internal quotations omitted).   For the same reasons,
17 Petitioner has not shown a reasonable probability of a different
18 result had counsel requested that the court obtain and consider a new
19 probation report.   Hence, Petitioner has not shown <u>Strickland</u>
20 prejudice.
21
22     Petitioner further contends counsel failed to raise "issues of
23 constitutional magnitude" (Pet. Mem., pp. 36-38).   Petitioner appears
24 to fault counsel for failing to raise the Double Jeopardy and Due
25 Process issues discussed herein (Pet. Mem., p. 37).   At the hearing,
26 counsel did raise the issue of Double Jeopardy (Pet. Ex. B, p. 27).
27 In any event, for the reasons discussed above, a reasonable attorney
28 could have determined that Double Jeopardy and Due Process challenges

30



1  to reinstating the burglary and petty theft convictions and sentences
2  would not have been successful.  Counsel was not ineffective for
3  failing to make constitutional arguments.  See Rupe v. Wood, 93 F.3d
4  at 1445; Shah v. United States, 878 F.2d at 1162.

6       Petitioner further contends counsel failed to allow Petitioner to
7  participate in his own defense, allegedly by failing to incorporate
8  any of Petitioner's "claims or concerns" into counsel's opposition to
9  the prosecution's motion to modify the January 26, 2005 dismissal
10 order (Pet. Mem., p. 38).  Petitioner also contends counsel failed to
11 "raise and preserve obvious arguable issues for appeal" (Pet. Mem.,
12 p. 39).  Petitioner does not describe the "claims or concerns" or
13 "arguable issues" which he allegedly wishes counsel had raised.  Such
14 conclusory allegations are insufficient to merit habeas relief.  See
15 Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995), cert. denied, 517
16 U.S. 1143 (1996) ("conclusory allegations which are not supported by a
17 statement of specific facts do not warrant habeas relief") (citation
18 omitted).  To the extent Petitioner intends to assert that his counsel
19 failed to challenge the reinstatement of the burglary counts on the
20 grounds alleged elsewhere in the Petition, because those grounds lack
21 merit Petitioner has failed to show either counsel's unreasonableness
22 or any resulting prejudice.

24      In any event, Petitioner was afforded the opportunity to
25 participate in the proceedings concerning the reinstatement of the
26 burglary and petty theft counts.  At the conclusion of the May 13,
27 2005 hearing, Petitioner indicated a desire to address the court (Pet.
28 Ex. B, pp. 27-28).  The court stated:

31



1    Keep in mine [sic], Mr. Parrish, that everything here is
2    going on the record.  And I don't know if counsel has
3    discussed this with you or the ramifications of that.  If
4    you have, [counsel], you might want to talk to him again,
5    but if he wants to speak on his own behalf, I will certainly
6    accept that.

7

8    (Pet. Ex. B, p. 28).  Petitioner responded:  "I will let it stand the
9    way it is right now." (id.).

10

11       In a Declaration attached to the Traverse, Petitioner contends
12   that, prior to the May 13 hearing, Petitioner's attorney told
13   Petitioner that Petitioner could not address the court (Declaration of
14   Robert Eric Parrish, Petitioner, attached to Traverse, ¶ 15).
15   Regardless, Petitioner had the opportunity to address the court
16   concerning Petitioner's "claims and concerns," and Petitioner declined
17   to avail himself of that opportunity.  Therefore, any failure of
18   counsel to raise Petitioner's "claims and concerns" could not have
19   prejudiced Petitioner within the meaning of Strickland.

20

21       Petitioner also contends three "large" deputies intimidated
22   Petitioner, assertedly causing Petitioner to be "apprehensive" about
23   speaking to the court at the May 13 hearing concerning his counsel's
24   alleged "failings" (id., ¶ 13).  Even assuming, arguendo, the truth of
25   these allegations, Petitioner has not shown a reasonable probability
26   that, had the court allowed Petitioner to speak to the court
27   concerning the alleged "failings" of Petitioner's counsel, the court
28   would have ruled differently on the prosecution's motion to reinstate

32

1  the burglary and petty theft convictions and sentences.

2

3       To the extent Petitioner contends he was unable to address the

4  court concerning the propriety of the sentence previously imposed on

5  the burglary and petty theft counts (see Declaration of Robert Eric

6  Parrish, Petitioner, attached to Traverse, ¶ 13), Petitioner has not

7  shown a reasonable probability of a different result had Petitioner

8  addressed the court in the manner he suggests.  As previously

9  discussed, the court lacked jurisdiction to do anything more than

10 reinstate those previously imposed sentences, and had no power to

11 reconsider those sentences.

12

13      Finally, Petitioner contends counsel deprived Petitioner of the

14 right to be present at an alleged "resentencing" (Pet. Mem., pp. 39-

15 41).  Petitioner contends that, had he been present at the alleged

16 "resentencing," Petitioner might have been "able to show, with the aid

17 of competent counsel[,] good cause why the judgment should not be

18 pronounced against him" (Pet. Mem., p. 41).

19

20      A criminal defendant has a Due Process right to be present at a

21 proceeding "whenever his presence has a relation, reasonably

22 substantial, to the fullness of his opportunity to defend against the

23 charge."  Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934),

24 overruled on other grounds, Duncan v. Louisiana, 391 U.S. 145, 154-55

25 (1968); People v. Rodriguez, 17 Cal. 4th 253, 260, 70 Cal. Rptr. 2d

26 334, 949 P.2d 31 (1998).  A defendant "has a constitutional right to

27 be present during resentencing, because technically a new sentence is

28 being imposed in place of the vacated sentence."  United States v.



1 <u>DeMott</u>, 513 F.3d 55, 58 (2d Cir. 2008) (citation, internal quotations

2 and brackets omitted); <u>see also</u> <u>People v. Rodriquez</u>, 17 Cal. 4th at

3 260 (defendant has right to be present at <u>Romero</u> hearing following

4 remand); <u>People v. Mora</u>, 99 Cal. App. 4th 397, 399, 121 Cal. Rptr. 2d

5 258 (2002).

6

7     Petitioner was present at his original sentencing on December 16,

8 1994 (Respondent's Lodgment 21, p. 23). Petitioner was present at the

9 <u>Romero</u> hearing on April 18, 1997 (Pet. Ex. D, p. 15; Respondent's

10 Lodgment 21, p. 33). Petitioner was present at the May 13, 2005

11 hearing on the prosecution's motion to amend the January 26, 2005

12 dismissal order (Pet. Ex. B, p. 24; Respondent's Lodgment 21, p. 85;

13 C.T. 23). There was no hearing at the time the court reinstated the

14 burglary and petty theft convictions and sentences; the court

15 accomplished the reinstatement by its written decision issued on

16 May 25, 2005. In light of the court's conclusions in that decision

17 that the prior dismissal of the burglary and petty theft counts was

18 void, reinstatement of the sentences on those counts was required as a

19 matter of law.[14] A reasonable attorney could have concluded that

20 _____

21     [14] Petitioner contends the abstract of judgment reflecting
the reinstatement of the burglary and petty theft sentences shows
22 the court added a restitution fine (Pet. Mem., p. 40). The
abstract of judgment filed on May 26, 2005 shows the court
23 ordered Petitioner to pay a $200 restitution fine "per GC
[Government Code] 13967" (Pet. Ex. C, p. 5). However,
24 Petitioner's original sentence included this restitution fine
(<u>see</u> Respondent's Lodgment 21, pp. 24, 27). Therefore, the court
25 did not increase Petitioner's sentence. <u>Compare</u> <u>United States v.</u>
<u>Napier</u>, 463 F.3d 1040, 1043 (9th Cir. 2006) (error to include
26 nonstandard conditions of supervised release in written
27 sentencing order where those conditions were not included in
sentence orally pronounced in proceeding at which defendant was
(continued...)

34

1   Petitioner's presence at a "hearing" at which the court reinstated the

2   sentences on those dismissed counts could not have contributed

3   anything to alter the result.   See United States v. Parker, 101 F.3d

4   527, 528 (7th Cir. 1996) (defendant has no right to be present "merely

5   for a nondiscretionary correction of the original sentence").   Hence,

6   Petitioner has not shown his counsel rendered ineffective assistance

7   in this regard.   Moreover, Petitioner has not shown a reasonable

8   probability of a different result had counsel requested a hearing at

9   which the court reinstated the sentences on the burglary and petty

10   theft counts in Petitioner's presence.   Therefore, Petitioner has not

11   shown Strickland prejudice.

12

13   **C.**     **Alleged Ineffective Assistance of Appellate Counsel**

14

15      The standards set forth in Strickland govern claims of

16   ineffective assistance of appellate counsel.   See Smith v. Robbins, 528

17   U.S. 259, 285-86 (2000) (Strickland standards apply to claim of

18   ineffective assistance of appellate counsel); Bailey v. Newland, 263

19   F.3d 1022, 1028 (9th Cir. 2001), cert. denied, 535 U.S. 995 (2002)

20   (same).   Appellate counsel has no constitutional obligation to raise

21   all non-frivolous issues on appeal.   See Pollard v. White, 119 F.3d

22   1430, 1435 (9th Cir. 1997).   "A hallmark of effective appellate

23   counsel is the ability to weed out claims that have no likelihood of

24   success, instead of throwing in a kitchen sink full of arguments with

25   the hope that some argument will persuade the court."   Id.   Appellate

26   counsel's failure to raise an issue on direct appeal cannot constitute

27   ───────────────



28       [14](...continued)
present).

1 | ineffective assistance when "the appeal would not have provided

2 | grounds for reversal." Wildman v. Johnson, 261 F.3d 832, 840 (9th

3 | Cir. 2001) (citation omitted).

4 |

5 |       Petitioner alleges appellate counsel ineffectively failed to

6 | raise on appeal: (1) Due Process and Double Jeopardy challenges to the

7 | reinstatement of the burglary and petty theft convictions and

8 | sentences; (2) the alleged finality of the sentence; (3) Petitioner's

9 | asserted Due Process right to have his sentence based on accurate

10 | information and the "protection against agregious [sic] and arbitrary

11 | government action"; (4) the asserted protection against cumulative or

12 | multiple punishments for the same offense; (5) Petitioner's alleged

13 | Sixth and Fourteenth Amendment right to jury trial "because of the

14 | dismissal"; and (6) Petitioner's right to effective assistance of

15 | trial counsel (Pet. Mem., p. 45).  Essentially, Petitioner contends

16 | appellate counsel ineffectively failed to raise on appeal the other

17 | grounds for relief alleged in the present Petition.

18 |

19 |       Contrary to Petitioner's allegations, appellate counsel did raise

20 | on appeal the arguments that the dismissal order was final and that

21 | the prosecution was estopped from seeking modification of that order

22 | (see Respondent's Lodgments 4, 8).  In any event, all of Petitioner's

23 | claims of ineffective assistance of appellate counsel fail for the

24 | reasons discussed previously.  The trial court lacked jurisdiction to

25 | dismiss the burglary and petty theft convictions and sentences, and

26 | thus it was proper to reinstate the erroneously dismissed convictions

27 | and sentences.  The reinstatement of the erroneously dismissed

28 | sentences did not violate Double Jeopardy, Due Process, or



Petitioner's right to a jury trial, and Petitioner's trial counsel did not render ineffective assistance. <u>Strickland</u> did not require appellate counsel to advance meritless arguments. <u>See Rupe v. Wood</u>, 93 F.3d at 1445; <u>Shah v. United States</u>, 878 F.2d at 1162; <u>see also</u> <u>Featherstone v. Estelle</u>, 948 F.2d 1497, 1507 (9th Cir. 1991) (where trial counsel's performance did not fall below the <u>Strickland</u> standard, "petitioner was not prejudiced by appellate counsel's decision not to raise issues that had no merit") (footnote omitted). Additionally, Petitioner has not shown a reasonable probability of a different outcome had appellate counsel advanced the arguments alleged by Petitioner. Hence, Petitioner has not shown <u>Strickland</u> prejudice.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying and dismissing the Petition with prejudice.

DATED:   June 18, 2008.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

37

**NOTICE**

     Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.